# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEPHEN PAUL JARRELL,

            Plaintiff,    :    Case No. 3:15-cv-187

                                District Judge Walter Herbert Rice
-  vs  -                      Magistrate Judge Michael R. Merz

ROBERT McDONALD, Secretary of
  Veterans Affairs, et al.,

            Defendants.    :

## REPORT AND RECOMMENDATIONS

       This case was brought *pro se* by Stephen Paul Jarrell against Robert McDonald, the Secretary of Veterans Affairs, Loretta Lynch, the Attorney General of the United States, and Carter Stewart, the United States Attorney for the Southern District of Ohio.  Jarrell pleads nineteen claims against the Secretary of Veterans Affairs concerning the processing of an administrative determination regarding Mr. Jarrell's status.  Although they are named in the Complaint as Defendants, no allegations are made against the Attorney General or the United States Attorney.

       The case is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Defendants note that the Complaint asks this Court to make modifications to an Administrative Determination of the Veterans Administration

1

because, Plaintiff claims, the Determination is based on misstatements of fact. Moreover, the Complaint makes a demand for an unspecified amount of damages. Defendants assert that suit against them is suit against the United States and this Court has not been granted jurisdiction to decide claims of this sort against the United States.

Plaintiff responds that his suit is not an attempted appeal from any decision of the Veterans Administration, but instead a suit for damages for violations of the Privacy Act, 5 U.S.C. § 552(a)(Memo in Opp., ECF No. 7, PageID 60).

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014).

Plaintiff asserts subject matter jurisdiction exists under 5 U.S.C. § 552a(g)(1)(C) and (D)(Memo in Opp., ECF No. 7, PageID 58). That statute authorizes an action against any federal agency that

> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is

> necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual.

The statute grants district courts jurisdiction over such actions and provides as possible relief:

> (4) In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—
>
> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
>
> (B) the costs of the action together with reasonable attorney fees as determined by the court.

Jarrell's Complaint makes numerous claims about misstatements in Veterans Administration ("VA") records which allegedly form the basis of the VA's February 27, 1979, Administrative Determination denying Plaintiff veterans' benefits. Plaintiff asserts he is not seeking a review of the Administrative Determination, but damages for failure of the VA "to use accurate records and or [sic] statements of fact in their Administrative Determination and their failure to maintain accurate records on me in their system of records." (ECF No. 1, PageID 12.)

Defendants respond that this is an attempt to use the Privacy Act to get around the jurisdictional limit on review of VA decisions found in 38 U.S.C. § 511 which provides:

3

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b)[which provides exceptions not including the Privacy Act], the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Defendants rely on *Beamon v. Brown,* 125 F.3d 965 (6th Cir. 1997), but that case does not discuss actions under the Privacy Act, but only holds that constitutional challenges to VA decisions must be brought in the Court of Veterans Appeals.  Defendants also rely on *Sugrue v. Derwinski,* 26 F.3d 8 (2nd Cir. 1994).  In that case the veteran alleged that he had been denied benefits as a result of, *inter alia*, the VA's violations of the Privacy Act in ways that parallel Jarrell's allegations in this case.  Both the district court and the Second Circuit held that the Privacy Act could not be "used as a rhetorical cover to attack VA benefits determinations."  26 F.3d at 11.  Based on its favorable citation of *Sugrue* in *Beamon*, this Court believes the Sixth Circuit would also hold that a Privacy Act case cannot be used to attack a veterans' benefits determination,

But Jarrell replies that that is not what he is doing here.  Instead, he alleges the agency (the VA and now the Department of Veterans Affairs)

> was altering records to hide the injuries I was suffering from and to hide the incident that caused those injuries. These are violations of the Privacy Act that were committed before and indeed committed so that the VA could come to the decision that they came to on Feb. 27, 1979. What the Defendant is asking this court to do is turn a blind eye to these egregious violations of my right to privacy by allowing the agency to invade and alter my private property (records), in order to misuse those records, to achieve a desired effect (decision outcome).

4

> For the court to determine whether or not the agency altered records prior to the Feb. 27, 1979 decision would not require the court to review that decision at all.

(Reply Memo, ECF No. 10, PageID 71.)  Jarrell is correct that this Court does not have to review the decision in order to determine whether the Department of Veterans Affairs violated the Privacy Act in creating the records on which they relied in making the 1979 Administrative Determination.

That conclusion, however, is not dispositive of the Motion,  Although the issue has not been briefed by the parties, the Privacy Act contains a statute of limitations which requires that an action be brought within two years of the date on which the cause of action arises

> except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

Jarrell frames his Complaint as if he had just learned about the faulty records, pleading in Claim 2 that the Records Management Center in St. Louis sent him on May 5, 2015, what was stated to be "the entire packet (105) pages of records the VA said they used in their Determination." (ECF No. 1, PageID 3.)  However, on December 9, 2011, Jarrell filed suit in this Court against the National Personnel Records Center[1] claiming that the records they maintained of his military service "are incomplete and or [sic] inaccurate."  *Jarrell v. Natl. Personnel Records Center*, Case

---

[1] As a jurisdictional basis for the suit, Jarrell cited 5 U.S.C. § 552(g)(1)(C).  Given the allegations in the Complaint, it appears that § 552a(g)(1)(C) was intended, as in this case, since there is no statute designated § 552(g)(1)(C) which confers jurisdiction on any court.

5

No. 3:11-cv-434.  In that case Jarrell filed a motion for summary judgment supported by numerous excerpts from his military records. *Id.*  at ECF No. 18.

Again, on October 7, 2013, Jarrell sued the Department of Veterans Affairs, the National Personnel Records Center, the United States Air Force, the United States Army, and other federal agencies including thirty-five claims, many of which relate to his military records. *Jarrell v. FBI*, Case No. 3:13-cv-343, ECF No. 1.  The Report and Recommendations in that case reference *Jarrell v. U.S. Army,* Case No. C-3-94-275, in which Jarrell also complained of the alteration and destruction of records concerning an assault on him which occurred while he was on active duty in the Army on April 12, 1971.

Plainly, Jarrell knew of the claimed errors in his military personnel file many years ago, certainly more than two years before filing this case on May 22, 2015.  Statutes of limitations on actions against the United States, because they condition the sovereign's consent to suit, are jurisdictional.  *Henderson v. United States,* 517 U.S. 654 (1996); *United States v. Williams*, 514 U.S. 527 (1995).  This Court has expressly found that the limitations period in the Privacy Act is jurisdictional in an action against the Department of Veterans Affairs, *Boyd v. United States*, 932 F. Supp. 2d 830 (S.D. Ohio 2013)(Marbley, D.J.).

Because Jarrell discovered the inaccuracies in his military personnel file of which he complains more than two years before he filed this action, the Court lacks subject matter jurisdiction of the case which should therefore be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1).

August 7, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).